IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

LISA DIAMOND, surviving mother )
of Jeremy Gelinas, )
)
    Plaintiff, )
)
v. ) Case No.: 4:17-cv-02485
)
FORD MOTOR COMPANY, )
)
    Defendant. )

**PLAINTIFF'S UNOPPOSED MOTION
FOR APPROVAL OF SETTLEMENT, APPORTIONMENT
OF SETTLEMENT PROCEEDS, AND PROPOSED CONSENT JUDGMENT**

Comes now Plaintiff, by and through counsel, and for her Motion for Approval of Settlement, Apportionment of Settlement Proceeds, and Proposed Consent Judgment, states to the Court as follows:

1.    That Plaintiff Lisa Diamond is the surviving mother of Jeremy Gelinas, deceased; pursuant to § 537.080 R.S.Mo, she is a Class I beneficiary entitled to bring and maintain a cause of action for the wrongful death of Jeremy Gelinas on behalf of and for the benefit of the class of persons entitled to recover for the death of Jeremy Gelinas.

2.    That at the time of death, Jeremy Gelinas was unmarried and had no children or other dependents. He was survived by his mother, Plaintiff Lisa Diamond, and his father, non-party Gerard Gelinas, III. Lisa Diamond and Gerard Gelinas, III, are the only individuals who could bring and maintain a cause of action for the wrongful death of Jeremy Gelinas, pursuant to § 537.080, R.S.Mo.

3. That Plaintiff has negotiated over a period of time for possible settlement of the claims against Ford Motor Company arising out of the wrongful death of decedent.

4. That Plaintiff hired the Tracy Firm to represent her in this matter, which has incurred fees and expenses in connection therewith.

5. That, under the terms of the settlement, payment will be made to the Tracy Firm, Trustee for Plaintiff Lisa Diamond, by or on behalf of Ford Motor Company, and apportioned to Plaintiff, Gerard Gelinas, III, and Plaintiff's counsel as more fully set forth in "Exhibit A," to be offered into evidence at the time of the hearing for approval of the settlement, and withdrawn after the hearing.

6. That Plaintiff believes said settlement and allocation to be fair and reasonable and in her best interests.

7. That the settlement agreement between Plaintiff and Ford Motor Company is being entered into under the provisions of §§ 537.095 and 537.080 R.S.Mo., and that the Plaintiff now seeks approval by the Court of the compromise and settlement agreement entered into by Plaintiff and Ford Motor Company, to be distributed as set forth in "Exhibit A."

8. That, as a condition of the proposed settlement, Plaintiff has agreed to execute a Settlement, Release, Confidentiality, and Indemnity Agreement, releasing Ford Motor Company from any and all claims arising out of Jeremy Gelinas's death as a result of a vehicular accident involving an allegedly defective 2000 Ford Explorer that occurred on January 8, 2017.

9. That Plaintiff seeks approval from the court of the proposed settlement and allocation, and entry of consent judgment in the amount reflected in "Exhibit A."

10. That Plaintiff has consulted with counsel for Defendant Ford Motor Company, and Defendant Ford does not object to Plaintiff's Motion for Approval of Settlement, Apportionment of Settlement Proceeds, and Proposed Consent Judgment.

WHEREFORE, Plaintiff prays the Court set this matter for hearing on October 23, 2018, at 11:30 a.m. to: (a) hear evidence regarding the reasonableness of the proposed settlement agreement; (b) determine whether the best interests of Plaintiff would be served by consummating the proposed settlement with the agreed consideration to be distributed as set forth in "Exhibit A"; and (c) if the Court determines the proposed settlement should be approved, to make and enter an order (1) authorizing and directing Plaintiff to execute a Settlement and Full and Final Release Agreement releasing Ford Motor Company from any and all claims arising out of Jeremy Gelinas's death as a result of a vehicular accident involving an allegedly defective 2000 Ford Explorer that occurred on January 8, 2017; (2) entering consent judgment against Ford Motor Company for the amount reflected in "Exhibit A"; (3) apportioning the proceeds of the settlement as set forth in "Exhibit A"; and (4) requiring Plaintiff to execute and file with the Court a verification of receipt of settlement proceeds or satisfaction of judgment, along with a stipulation for dismissal with prejudice.

Respectfully Submitted,

THE TRACY FIRM

_____
E. Todd Tracy, admitted *pro hac vice*
Andrew G. Counts, admitted *pro hac vice*
4701 Bengal Street
Dallas, Texas  75235
T:      (214) 324-9000
F:      (972) 387-2205

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed and served electronically on all parties of record, this 15 day of October, 2018.

Sherry A. Rozell, MO Bar # 34131
Steven E. Ward, MO Bar # 43285
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa OK 74103

_____
E. Todd Tracy
Andrew G. Counts